## CIRCUIT COURT OF ALLEGHANY COUNTY

Gordon L. Bland and
Travelers Insurance Co.

v.

James W. Byer

July 28, 1975

Case No. 1519

By JUDGE ROSCOE B. STEPHENSON, JR.

Two questions are before the court for decision.

(1) Should the appeal be dismissed because the appeal bond was not given within ten days from the date judgment was rendered in the General District Court?

(2) Is plaintiffs' claim barred by contributory negligence?

### The Appeal Bond

The General District Court rendered judgment for the defendant on October 21, 1974. On that date plaintiffs, by counsel, notified the court that plaintiffs would appeal the case, and the court fixed the amount of the appeal bond at $100.00. On November 8, 1975, (more than ten days after judgment was rendered) counsel for plaintiffs deposited with the Clerk of the General District Court cash in lieu of bond as provided by Code § 16.1-108 in the amount of $121.00 covering the amount of the bond ($100.00) and costs. The General District Court accepted the cash deposit and granted the appeal.

The giving of an appeal bond, being purely statutory, is limited to and controlled by the applicable statutory language.

While Code § 16.1-106 gives the aggrieved party "an appeal of right, if taken within ten days after such

order or judgment," nothing is mentioned therein about the appeal bond.

Code §§ 16.1-107 and 16.1-108 relate to the giving of an appeal bond, and neither spells out any time requirement. In 1972 § 16.1-107 was amended by adding a second paragraph requiring the payment of the writ tax and certain costs to the clerk of the District Court within thirty days from the date of judgment. Since the statute is silent respecting the time for giving the appeal bond, logic and reason dictate that the appellant would have at least thirty days within which to give such bond. This conclusion is strengthened by the fact that the former law governing the giving of an appeal bond expressly required that it be done within ten days of the judgment,[1] and, conversely the language fixing the time for giving the bond was removed from the present statutes (§§ 16.1-107 and 16.1-108).

The motion to dismiss is therefore overruled.

### *Contributory Negligence*

Plaintiffs seek to recover for damages to a motor vehicle owned by Gordon L. Bland and insured by Travelers Insurance Company. The driver of the Bland automobile was Gilbert Bland, Gordon's son. No agency relationship between Gordon and Gilbert was claimed or proved by defendant. Therefore any alleged negligence on the part of Gilbert could not be imputed to Gordon.

The defendant, in failing to yield the right of way, was negligent. While the court is of the opinion such negligence was the *sole* proximate cause of the collision, it was in any event a proximate cause. Consequently judgment is rendered for plaintiffs in the amount stipulated by the parties, to wit $897.54

---

[1] Section 3106, Virginia Code 1942 (Michie) -- "but no appeal shall be granted unless within ten days from the date of the judgment from which the appeal is sought the party applying for the same shall have given bond."